UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS J. BARRON,<br>      Plaintiff<br><br>v.<br><br>US MED ACQUISITIONS, INC.<br>      Defendant | Civil Action No. 1:20-cv-10300 |

## COMPLAINT

### INTRODUCTORY COMMENT

Non-compete agreements are unduly restrictive and onerous to employees. These agreements limit employment opportunities. They may suppress wages. They keep employees trapped in jobs they do not want, and they keep employees from fairly competing with their former employers. They also prohibit the employee's ability to advance in their selected field of employment. These agreements restrict fair and robust competition for employees. They often time violate Massachusetts and Florida law.

### JURISDICTION AND VENUE

1. Jurisdiction is proper. The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States

### COUNT I

2. Plaintiff, Thomas J. Barron is an individual who resides in Duxbury, Plymouth County, Massachusetts.

3. Defendant, US Med Acquisitions, Inc. is a duly organized and existing Delaware Corporation having its principal place of business in Miami, Dade County, Florida. The registered agent for the corporation is Corporation Service Company, 251 Little Falls Drive, Wilmington, New Castle County, Delaware 19808.

1

4. Defendant, US Med Acquisitions, Inc. requires executive employees to sign overbroad non-competes, with overbroad confidentiality provisions, and/or non-disparagement provisions that restrict them from providing services to other corporations upon termination of their employment. These companies also threaten to and actively attempt to enforce these agreements in order to prevent employees from leaving Defendant for a better employment opportunity.

5. This is unfair competition. It is unfair to Defendant's employees and it is unfair to other competitors who play by the rules. Defendant's practice of requiring their employees to sign unlawful agreements should end, accordingly Plaintiff asks this Court to grant a declaratory judgment and injunctive relief.

6. Florida Statute §542.335(1) permits enforcement of non-compete agreements even though the agreement restricts or prohibits competition. However, in order for a non-compete agreement to be enforceable, the terms of the agreement must be *reasonable in time, area and line of business*. In the instant case, **Paragraph 9(b)** of a **Separation Agreement and Release** dated June 14 2019 which, in addition to the Employment Agreement, Plaintiff was required to sign to receive a severance payment provides in pertinent part....

> **"For purposes of illustration, and not limitation, you shall not engage in any of the foregoing for any manufacturer or any other Person that solicits referrals from, or calls upon, doctors or any other party to solicit orders from patients for products carried by the Company, anywhere in the United States of America, or for any Person that sells, markets, or distributes diabetic supplies, respiratory medications...." "The provision supersedes Section 5(d) of your Employment Agreement."**

7. The subject Separation Agreement and Release (is attached hereto as **Exhibit "A"**), **Paragraph 9(c)** of the Separation Agreement and Release <u>Non-Solicitation</u> prohibits solicitation (ii) canvas, solicit or accept, or attempt to canvas, solicit or accept, any business, referrals or recommendations from any Client or Potential Client in order to provide goods or services that are competitive with the goods and services provided by the Company.

> **The Separation Agreement and Release defines client as follows:**
>
> "...."Client" means any customer, client, referral source or doctor, or any other Person, that purchased, referred or recommended goods or services from the Company at any time within two (2) years prior to the

> date of termination; "Person" means an individual, a sole proprietorship, a corporation, a limited liability company, a partnership, an association, a trust, or other business entity, whether or not incorporated."

The terms of a **non-compete/non-solicitation** agreement must be reasonable in time, geographic scope, and line of business. Whitby v. Infinity Radio, Inc., 951 So. 2d 890, 897.

8. The June 14, 2019 Separation Agreement and Release, Paragraph 20 contains the following jury trial language:

> "YOU KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A JURY TRIAL IN ANY LAWSUIT THAT ARISES AT ANY TIME OUT OF THIS AGREEMENT OR YOUR EMPLOYMENT WITH THE COMPANY, WHETHER AT LAW OR IN EQUITY, WHETHER BASED ON A CLAIM OR COUNTERCLAIM, WHETHER ARISING BEFORE OR AFTER THE EFFECTIVE DATE OF THIS AGREEMENT, AND REGARDLESS OF THE NATURE OF THE CLAIM OR COUNTERCLAIM, AND INCLUDING CLAIMS UNDER TORT, CONTRACT, STATUTORY OR COMMON LAW."

9. U.S. Med Acquisitions Inc. Separation and Release contains a waiver of jury provision which in order to be effective mandates a significant relationship between the plaintiff, U.S. Med Acquisitions Inc., their subsidiaries, suppliers, vendors, customers, and affinity partners who are parties to Company Contracts.

The seventh amendment to the U.S. Constitution provides a right to jury trial in Federal Civil Actions unless waived by the parties.

Courts consider a number of factors when determining whether a contractual jury trial waiver was entered into knowingly, voluntarily, and intelligently. Those factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) **whether the waiving party was represented by counsel.** Although the factors play an important role in the Court's decision-making process, they are not determinative. Put another way, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be

3

unconscionable, contrary to public policy, or simply unfair. *Allyn v. Western United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

10. Paragraph 9(b) **Non-Competition** of the June 14, 2019 Separation Agreement and Release provides "("Restricted Period") immediately following the termination of your employment with the Company, you shall not, directly or indirectly, for yourself or on behalf of any other individual, sole proprietorship, corporation, limited liability company, partnership, association, trust, or other business entity (collectively "Person")...."

A post-termination non-compete – even limited to a specific employer – restricts employees in some way from practicing their trade. Such agreements restrict trade, competition, and the free flow of information in the same manner as a non-compete agreement. *R.R. Donnelly & Sons Co. v. Fagan* (S.D.N.Y. 1991) 767 F.Supp. 1259, 1269. For example, a confidentiality agreement that prohibits employees from using and disclosing "all business information" of their past employers is, for all intents and purposes, a covenant not to compete, as is a non-disparagement provision which prohibits an employee from ever taking any action "inimical to the interest" of her former employer. *See, Bodemer v. Swanel Beverage, Inc.* (N.D. Ill. 2012) 884 F.Supp.2d 717.

11. On February 4, 2020, the Plaintiff directed certified letter No. 7018-2290-0000-7494-5200 to Defendant's counsel advising of its intent to commence this law suit. Defendant has not responded. **Exhibit "B"**.

## COUNT II
### (Employment Termination)

12. On June 13, 2019, Plaintiff was informed that his contract was being terminated early, without cause.

13. The Defendant refused to pay the remaining ten (10) weeks pursuant to his employment contract.

14. Defendant refused to pay severance of six months annual salary.

**The Employment Agreement between the parties, Paragraph 4(a)(ii). Early Termination of the Employment Period provides:**

4

>    **(ii) Subject to executive's continued compliance with Section 5 and subject to Section 4 (a) (iii), in addition to the Accrued Obligations,
>    if Executives employment with the company is terminated by the Company without cause or by the Executive for Good Reason in each case, prior to the expiration of the Initial Term, or a renewal term, then Executive shall be entitled to salary continuation at the rate of the Executive's Base Salary (in effect as of the termination date), for the shorter of (A) six (6) months following the termination date, or (B) the remainder of the initial term or a renewal term, as applicable paid in installments in accordance with the Company's normal payroll practices**

The Agreement does not include a garden leave clause, which provides pay for the employee during the entire restricted period of at least fifty (50%) percent of the employee's highest base salary over the prior two (2) years, or other mutually-agreed upon consideration.

## COUNT III
## (Stock Evaluation)

15. The Plaintiff is the owner of 3,645 shares in US Med Acquisitions, Inc.

16. The Plaintiff requested valuation of his stock's shares on several occasions most recently on February 8, 2020. Plaintiff requested this information in order to secure funding to cover living expenses during the 18-month non-compete period.

17. The Defendant failed to provide this information. On February 10, 2020 the Defendant responded:

>    **"As for the stock valuation, US MED will not be providing this information as it does not have an obligation to do so."**

18. Defendant's actions in this respect have further limited the Plaintiff's ability to meet his ongoing legal and support obligations.amd may well be in violation of **Section 220(b) of the Delaware General Corporation Law** "which provides....

>    **"A stockholder seeking inspection of books and records (other than the stock ledger or stockholder list) has the burden of demonstrating that he or she has a proper purpose for such inspection."**

19. Plaintiff has a "proper purpose" but was denied this information, further limiting his ability to borrow funds to meet his expenses pending a resolution of the within matter.

5

**WHEREFORE**, Plaintiff requests this Honorable Court take immediate jurisdiction in this matter, and

A. Enter a Declaratory Judgment finding that based upon circumstances outlined in this Complaint.

1. That the Separation Agreement and Release dated June 14, 2019 prevents employees from leaving Defendant for other employment opportunities.

2. The Separation Agreement promotes unfair competition. The Agreement is unfair to Defendant's employees and is unfair to other competitors who play by the rules.

3. Issue an injunction permitting the Plaintiff return to work in his prior capacity as a sales manager in the medical field.

4. For such other relief as this honorable court deems, meet and just.

Respectfully submitted,
THOMAS J. BARRON

By his attorney,

/s/ Thomas M. Barron
Thomas M. Barron (BBO #031220)
1372 Hancock Street, Suite 301
Quincy, MA 02169
Tel. (617) 773-7650
Fax: (617) 773-7924
Email: attybarron@aol.com

February 14, 2020